

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00375-CV

_____

ELISHA HOLLOWAY, Appellant

V.

REVELSTOKE VENTURE, LLC, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2023-005682-1

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

Appellee Revelstoke Venture, LLC prevailed on its forcible detainer action against Appellant Elisha Holloway in the justice court. The judgment awarded Revelstoke possession of the premises, $4,958 in back rent, and costs. The judgment further ordered Holloway to pay $2,670 in rent into the court's registry each month during the pendency of any appeal.

Holloway appealed to the county court. The justice court sent her a notice acknowledging receipt of the notice of appeal and reminding her that she needed to deposit the monthly rental amount into the court's registry within five days and that her failure to make that payment "*MAY RESULT IN THE COURT ISSUING A WRIT OF POSSESSION WITHOUT HEARING.*"

The next month, Revelstoke filed a motion requesting issuance of a writ of possession on the basis that Holloway had failed to make the monthly rent payments into the court's registry. *See* Tex. R. Civ. P. 510.9(c)(5)(B)(iv). A month later, the county court signed an "Order Authorizing Immediate Issuance of Writ of Possession." In the order, the county court found that Holloway had not paid rent into the court's registry, that Revelstoke had given Holloway proper notice of the failure, and that Revelstoke was entitled to issuance of a writ of possession. The order did not mention Revelstoke's claim for back rent. Nevertheless, the order stated that it was a final judgment disposing of all clams of all parties. The next day, the county clerk issued the writ.

2

Holloway appealed to this court. Because the clerk's record shows that the writ of possession had been executed, this court became concerned that the appeal was moot. Consequently, we notified Holloway that we would dismiss the appeal unless she or another party wishing to continue the appeal filed with this court a response showing grounds for the appeal's continuance.

Holloway filed a response, but it does not show grounds on which we may continue the appeal. First, she cites Texas Property Code Section 92.0561 and asserts that "[w]e assert our right under this code to address necessary repairs when the landlord neglects maintenance requests." *See* Tex. Prop. Code Ann. § 92.0561. Next, she asserts that her appeal "defends the fundamental right of tenants to reside in habitable dwellings, demanding swift resolution of maintenance issues." She then claims that Revelstoke's "continuous disregard for maintenance requests potentially breaches the implied covenant of quiet enjoyment" and that her "meticulously documented email communication serves as indispensable evidence, exposing [her] sincere attempts and the landlord's failure to address valid concerns." Finally, she asserts that her appeal "is fueled by the violation of civil rights, including but not limited to discrimination and harassment," and she "insist[s] that our counterclaim[1] be duly considered in accordance with the relevant laws and regulations governing such claims."

---

[1]The clerk's record does not show that Holloway filed any counterclaims.

Regardless of whether Holloway would have had recourse against Revelstoke for failing to perform its obligations under the lease, and regardless of whether Holloway may have any other claims against Revelstoke, her response has not raised any meritorious claim of right to current, actual possession of the property. As the Supreme Court of Texas has explained, "[j]udgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession." *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). "The *only* issue in a forcible detainer action is the right to actual possession of the premises." *Id.* at 785 (emphasis added). Thus, a forcible detainer action may resolve only a claim for possession and related claims for unpaid rent and attorney's fees. *See* Tex. Prop. Code Ann. §§ 24.0051, .006; *Brigandi v. Am. Mortgage Inv. Partners Fund I Tr.*, No. 02-16-00444-CV, 2017 WL 1428726, at *3 (Tex. App.—Fort Worth Apr. 20, 2017, pet. dism'd) (mem. op.).

Here, the county court's judgment awards possession but does not award damages or attorney's fees, and so the only issue on appeal is possession. But Holloway no longer has possession of the premises, her response did not raise any meritorious claim of right to possession, and nothing in the record before us shows that she has a potentially meritorious claim to possession. *See Marshall*, 198 S.W.3d at 787; *Ratliff v. Homes by Ashley, Inc.*, No. 02-20-00014-CV, 2020 WL 1057320, at *1 (Tex. App.—Fort Worth Mar. 5, 2020, no pet.) (mem. op.) (noting that a forcible-

4

detainer appeal becomes moot upon an appellant's eviction from the property unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property or unless damages or attorney's fees remain at issue).

Accordingly, regardless of whether Holloway has other claims that she could bring in a separate suit, she has not shown grounds for continuing this appeal. Because she no longer has possession of the property, her appeal is moot, and we have no jurisdiction over her appeal. We therefore vacate the county court's judgment and dismiss the appeal. *See Marshall*, 198 S.W.3d at 790.

Per Curiam

Delivered:  January 18, 2024